**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000935
24-FEB-2017
09:45 AM**

NO. CAAP-15-0000935

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
DAWN MARIE ANZALONE, Defendant-Appellant.

APPEAL FROM THE FAMILY COURT OF THE SECOND CIRCUIT
(FC-CR NO. 15-1-0287(4))

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Leonard and Reifurth, JJ.)

Plaintiff-Appellee State of Hawai'i (State) charged Defendant-Appellant Dawn Marie Anzalone (Anzalone) with Custodial Interference in the First Degree, in violation of Hawaii Revised Statutes (HRS) § 707-726(1)(a) (2014).[1] The charge stemmed from Anzalone's failing to return her child to the child's father after a visitation, as required by a court custody order, and then leaving Hawai'i with the child. Anzalone failed to return the child as required on December 24, 2014. She was later

_____

[1] HRS § 707-726(1)(a) provides:

   (1) A person commits the offense of custodial interference in the first degree if:

   (a) The person:

       (i)   Intentionally or knowingly violates a court
             order issued pursuant to chapter 586, or
             intentionally or knowingly takes, entices,
             conceals, or detains the minor from any other
             person who has a right to custody pursuant to a
             court order, judgment, or decree; and

       (ii)  Removes the minor from the State[.]

arrested in Florida and extradited to Hawai'i in June 2015. Pursuant to a plea agreement, Anzalone pleaded no contest to the charge and moved for a deferred acceptance of her no contest plea. The Family Court of the Second Circuit (Family Court)[2/] denied Anzalone's motion for deferred acceptance of her no contest plea. The Family Court sentenced Anzalone to a four-year term of probation, subject to conditions that included payment of restitution in the amount of $4,581.93 for the costs of her extradition, mental health treatment, and 69 days of imprisonment with 69 days of credit for time served. The Family Court entered its Judgment on October 28, 2015.

I.

On appeal, Anzalone contends that the Family Court erred in: (1) denying her motion for deferred acceptance of her no contest plea; (2) ordering that she pay the costs of her extradition as restitution; and (3) imposing mental health treatment as a condition of probation. As explained below, we conclude that: (1) the Family Court did not err in denying Anzalone's motion for deferred acceptance of her no contest plea; (2) the Family Court's imposition of the costs of extradition was permissible pursuant to HRS § 621-9(b) (2016), but should not have been imposed as restitution; and (3) the Family Court did not err in imposing mental health treatment as a condition of probation, but the terms of the condition need to be clarified to avoid ambiguity. Accordingly, while we affirm the basic substance of the Family Court's rulings challenged on appeal, we remand the case for modification and clarification of the Judgment consistent with this Summary Disposition Order.

II.

We resolve the arguments raised by Anzalone on appeal as follows:

A.

Anzalone argues that the Family Court erred in denying her motion for deferred acceptance of her no contest plea because

---

[2/] The Honorable Richard T. Bissen, Jr. presided.

it focused on the offense she was charged with rather than her personal characteristics. Anzalone's argument is without merit.

"[T]he granting of a [deferred acceptance of no contest plea] is an act of legislative grace, within the discretion of the trial court[.]" State v. Kaufman, 92 Hawai'i 322, 329, 991 P.2d 832, 839 (2000). Pursuant to HRS § 853-1(a) (2014), a trial court has the discretion to grant a motion for deferred acceptance of no contest plea when the following conditions are met: (1) a defendant voluntarily pleads no contest before trial; "(2) [i]t appears to the court that the defendant is not likely again to engage in a criminal course of conduct; and (3) [t]he ends of justice and the welfare of society do not require that the defendant shall presently suffer the penalty imposed by law[.]"

In denying Anzalone's motion to defer acceptance of her no contest plea, the Family Court noted that Anzalone had violated a custody order issued by a court in a separate proceeding by leaving Hawai'i with the child without any intention of returning, that she knew the issue of the child's custody was pending before the court in the separate proceeding, but that she left Hawai'i with the child to avoid the risk that the court would rule against her. The Family Court then stated:

> The Court denies the deferred acceptance of the no contest plea. I do not think the ends of justice and the welfare of society dictate that she not suffer this penalty. I think it's exactly the opposite of that. This is not conduct we want to encourage.

We conclude that the Family Court properly considered the nature and circumstances of Anzalone's offense in denying her motion for deferred acceptance of her no contest plea, and that the Family Court did not abuse its discretion in denying her motion.

B.

The Family Court ordered Anzalone to pay the $4,581.93 in costs incurred by the State in extraditing her from Florida as restitution, and it made her payment of restitution a condition of probation.

3

Anzalone argues that the Family Court erred in imposing the costs of extradition as restitution because the State was not a victim of the underlying charge. The State agrees that the costs of extradition could not be imposed as restitution, but it argues that the Family Court was authorized to impose extradition costs under HRS § 621-9(b). HRS § 621-9(b) provides:

> <u>Whenever the presence of a defendant in a criminal case</u> or in a proceeding under chapter 704 or a petitioner in a post conviction proceeding <u>who is outside the judicial circuit is mandated by court order or bench warrant to appear</u>, the cost of airfare, ground transportation, any per diem for both the defendant or petitioner and sufficient law enforcement officers to effect the defendant's or petitioner's return, shall be borne by the State. All such expenses shall be certified by the court or public prosecutor or the attorney general. Duly certified claims for payment shall be paid upon vouchers approved by the state director of finance and warrants drawn by the state comptroller. <u>The court may order the nonindigent defendant or petitioner who was returned to the State of Hawaii to reimburse the State for the costs of such extradition or return as specifically described above</u>.

(Emphasis added.)

We agree with the State that while the costs of Anzalone's extradition could not be imposed as restitution, the Family Court had the authority to impose extradition costs under HRS § 621-9(b). Anzalone was a defendant in a criminal case whose presence from outside the circuit was mandated by a bench warrant. The record shows that the Family Court was relying on HRS § 621-9(b) in imposing the extradition costs. We therefore affirm the Family Court's imposition of the costs of extradition as a condition of probation. See HRS § 706-624(2)(q) (2004) (identifying permissible conditions of probation to include requiring a defendant to "[s]atisfy other reasonable conditions").[3] However, because extradition costs could not be imposed as restitution under HRS § 706-646 (2014), the Family Court on remand shall modify the Judgment to reflect the imposition of $4,581.93 in extradition costs pursuant to HRS § 621-9(b), and not as restitution.

---

[3] Anzalone did not object to the imposition of extradition costs on the ground of indigency in the Family Court or on appeal. We therefore do not address this issue.

4

C.

At Anzalone's sentencing, the Family Court orally imposed mental health treatment as a condition of probation as follows:

> As directed by Probation, the defendant will obtain and maintain mental health treatment until clinically discharged or any other services, including medication and/or tests, as required by your treating mental health professional. You are responsible for payment of that treatment.

However, in the Family Court's written Judgment, this condition of probation was drafted to read as follows:

> Obtain and maintain mental health treatment or services, including medication and/or tests if ordered, as directed by your probation officer, until clinically discharged with the concurrence of your probation officer. You shall be responsible for payment of such treatment.

Anzalone argues that the Family Court abused its discretion in imposing mental health treatment as a condition of probation because there was no factual basis in the record to support the imposition of such a condition. We disagree. The record indicates that prior to her incarceration, Anzalone had one therapeutic session to address the emotional ramifications of her custody dispute. After her release from incarceration, she had been undergoing treatment by a therapist, pursuant to a referral by the Maui Community Correction Center's Conditional Release Program. This therapist opined that Anzalone tends toward clinical depression, has a victim mentality, low self-esteem, and poor decision making/reasoning skills, and the therapist stated that continued therapy was being used to help Anzalone gain long term reasoning and decision making skills to enhance her future decision making. We conclude that there was sufficient factual basis in the record to justify the Family Court's imposition of mental health treatment as a condition of probation. See State v. Kahawai, 103 Hawai'i 462, 466, 83 P.3d 725, 729 (2004) (requiring that "some factual basis for imposing [discretionary] probationary conditions must inhere in the

5

record"); <u>State v. Morris</u>, 72 Haw. 67, 70-71, 806 P.2d 407, 410 (1991).

Anzalone also argues that the condition imposed by the Judgment was improper because it was phrased in a way that "gives 'medical' discretion to the probation officer." We conclude that the language of the condition as set forth in the written Judgment is ambiguous in that it could be read as giving the probation officer the authority to order medication and tests and to determine whether clinical discharge is appropriate. We therefore remand the case so that the Judgment can be clarified, consistent with the Family Court's description of the condition at sentencing, to provide that while Anzalone shall, as directed by her probation officer, obtain and maintain mental health treatment or other mental health services, the determination of clinical discharge and the appropriate medication or tests shall be made by her treating mental health professional.

## III.

Based on the foregoing, we vacate the portions of the Judgment that characterize the imposition of Anzalone's extradition costs as restitution and that refer to the special condition for mental health treatment, and we remand the case for modification and clarification of those portions of the Judgment consistent with this Summary Disposition Order. We affirm the Judgment in all other respects.

DATED: Honolulu, Hawai'i, February 24, 2017.

On the briefs:

Matthew S. Kohm
for Defendant-Appellant.

Renee Ishikawa Delizo
Deputy Prosecuting Attorney,
County of Maui
for Plaintiff-Appellee.

*Craig H. Nakamura*
Chief Judge

Associate Judge

*Lawrence M. Reifurth*
Associate Judge

6